Honorable John C. Coughenour

FILED _____ ENTERED
LODGED _____ RECEIVED

FEB 02 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN C. CAMPBELL,<br><br>Defendant. | NO. CR17-025JCC<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Steven T. Masada, Assistant United States Attorney for said District, and KEVIN C. CAMPBELL, and his attorney, Jennifer Wellman, Assistant Federal Public Defender, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.      **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

Plea Agreement / Campbell - 1
No. CR17-025JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    2.    **Charge**. Defendant, having been advised of the right to have this matter

2    tried before a jury, agrees to waive that right and enters a plea of guilty to the following

3    charges contained in the Superseding Information.

4        a.    Distribution of Controlled Substances, as charged in Count 1, in

5    violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(C).

6        By entering a plea of guilty, Defendant hereby waives all objections to the form of

7    the charging document. Defendant further understands that before entering his guilty

8    plea he will be placed under oath. Any statement given by Defendant under oath may be

9    used by the United States in a prosecution for perjury or false statement.

10    3.    **Elements of Offense**. The elements of the offense of Distribution of

11    Controlled Substances, as charged in Count 1, to which Defendant is pleading guilty, are

12    as follows:

13        First, the defendant knowingly distributed a controlled substance, including

14    heroin; and

15        Second, the defendant knew that it was heroin or some other prohibited

16    drug.

17    4.    **The Penalties**. Defendant understands that the statutory penalties

18    applicable to the offense of Distribution of Controlled Substances, as charged in Count 1,

19    are as follows: A maximum term of imprisonment of up to twenty (20) years, a fine of

20    up to one million dollars ($1,000,000), a period of supervision following release from

21    prison of at least three (3) years, and a mandatory special assessment of one hundred

22    dollars ($100).

23        If a probationary sentence is imposed, the probation period can be for up to five

24    (5) years.

25        Defendant agrees that the special assessment shall be paid at or before the time of

26    sentencing.

27        Defendant understands that supervised release is a period of time following

28    imprisonment during which he will be subject to certain restrictive conditions and

Plea Agreement / Campbell - 2
No. CR17-025JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   requirements.  Defendant further understands that if supervised release is imposed and he

2   violates one or more of the conditions or requirements, Defendant could be returned to

3   prison for all or part of the term of supervised release that was originally imposed.  This

4   could result in Defendant's serving a total term of imprisonment greater than the statutory

5   maximum stated above.

6          Defendant understands that as a part of any sentence, in addition to any term of

7   imprisonment and/or fine that is imposed, the Court may order Defendant to pay

8   restitution to any victim of the offense, as required by law.

9          Defendant further understands that a consequence of pleading guilty may include

10  the forfeiture of certain property either as a part of the sentence imposed by the Court, or

11  as a result of civil judicial or administrative process.

12         Defendant agrees that any monetary penalty the Court imposes, including the

13  special assessment, fine, costs, or restitution, is due and payable immediately and further

14  agrees to submit a completed Financial Statement of Debtor form as requested by the

15  United States Attorney's Office.

16         5.      **Drug Offenses - Program Eligibility**.  Defendant understands that by

17  pleading guilty to a felony drug offense, Defendant will become ineligible for certain

18  food stamp and Social Security benefits as directed by Title 21, United States Code,

19  Section 862a.

20         6.      **Enhanced Penalty – Prior Conviction**.  Pursuant to this Plea Agreement,

21  and conditioned upon Defendant's fulfillment of all of its terms and conditions, the

22  United States agrees not to file an enhanced penalty information alleging Defendant's

23  prior felony drug conviction, pursuant to 21 U.S.C. § 851.

24         7.      **Enhanced Penalty – Death or Serious Bodily Injury**.  Pursuant to this

25  Plea Agreement, and conditioned upon Defendant's fulfillment of all of its terms and

26  conditions, the United States further agrees not to charge an enhanced penalty alleging

27  that "death or serious bodily injury result[ed]" from the use of controlled substance

28  distributed by Defendant, pursuant to 21 U.S.C. § 841(b).

Plea Agreement / Campbell - 3
No. CR17-025JCC

1    The parties acknowledge that nothing in this agreement limits or forecloses either

2  party from raising or arguing such matters at sentencing, particularly in relation to the

3  factors set forth in 18 U.S.C. § 3553(a), the Sentencing Guidelines, and/or the basis for an

4  sentencing variance or departure.

5    8.    **Immigration Consequences.**  Defendant recognizes that pleading guilty

6  may have consequences with respect to his immigration status if he is not a citizen of the

7  United States.  Under federal law, a broad range of crimes are grounds for removal,

8  including the offense to which Defendant is pleading guilty, and some offenses make

9  removal from the United States presumptively mandatory.  Removal and other

10  immigration consequences are the subject of a separate proceeding, however, and

11  Defendant understands that no one, including his attorney or the district court, can predict

12  to a certainty the effect of his conviction on his immigration status.  Defendant

13  nevertheless affirms that he wants to plead guilty regardless of any immigration

14  consequences that his guilty plea may entail, even if the consequence is his mandatory

15  removal from the United States.

16    9.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

17  pleading guilty, he knowingly and voluntarily waives the following rights:

18      a.    The right to plead not guilty and to persist in a plea of not guilty;

19      b.    The right to a speedy and public trial before a jury of his peers;

20      c.    The right to the effective assistance of counsel at trial, including, if

21  Defendant could not afford an attorney, the right to have the Court appoint one for him;

22      d.    The right to be presumed innocent until guilt has been established

23  beyond a reasonable doubt at trial;

24      e.    The right to confront and cross-examine witnesses against Defendant

25  at trial;

26      f.    The right to compel or subpoena witnesses to appear on his behalf at

27  trial;

28

Plea Agreement / Campbell - 4
No. CR17-025JCC

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

10.     **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

11.     **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offense or offenses:

For a period of time continuing until at least May 14, 2014, KEVIN C. CAMPBELL engaged in the sale and distribution of various illegal and diverted prescription drugs through the use of the U.S. mail and the Internet. CAMPBELL, using the online alias "PTandRnR," served as an active vendor marketing and selling drugs, including controlled substances, by means of a website commonly known as "Silk Road." CAMPBELL supplied drugs to customers in various states, to include Washington, and received payment by electronic fund transfers or in Bitcoin. At the time, CAMPBELL resided in Chicago, Illinois, and was employed at a substance abuse treatment and recovery center.

One of CAMPBELL's Silk Road customers was a 27-year-old resident of Bellevue, Washington, identified as J.M. On numerous occasions between March and August 29, 2013, CAMPBELL sold J.M. controlled substances, predominantly, Xanax (alprazolam) and valium, which CAMPBELL sent to J.M., in the Western District of Washington, by U.S. mail, concealed in altered movie DVD cases.

On August 24, 2013, J.M. asked CAMPBELL for "quality H." On August 27, 2013, CAMPBELL sent J.M. a message that he could get him "grams of china white," a type of heroin, which J.M. wanted to purchase along with 50 bars of Xanax. CAMPBELL then mailed J.M. two grams of heroin and the Xanax concealed in an altered DVD case. CAMPBELL thereafter sent J.M. multiple messages via the Silk Road website containing the package's tracking number, approximating the delivery time, and requesting a review of the drugs. On August 29, 2013, J.M. received CAMPBELL's package at his home in Bellevue and, based on the paraphernalia and drugs found, presumably injected some of the heroin. He was found unconscious in his bedroom by a houseguest later that afternoon after he failed to show up for work. Responders located a used syringe and a looped belt on the floor and a baggie of white china heroin along with drug paraphernalia, to include a lighter and spoon, and various pills on the desk. ~~CAMPBELL's~~ J.M.'s computer was also logged into the Silk Road website, which

Plea Agreement / Campbell - 5
No. CR17-025JCC

revealed recent messages to and from "PTandRnR." Investigators recovered the U.S. mail package and altered DVD case, which contained CAMPBELL's fingerprint, from J.M.'s bedroom floor. Unbeknownst to CAMPBELL, J.M. later died at the hospital from an "acute combined opiate (probable heroin) alprazolam and diazepam intoxication," after medical care was terminated due to no brain activity.

After Silk Road was shut down in October 2013, CAMPBELL continued to sell and distribute narcotics through the use of the U.S. Mail. For instance, in April 2014, another one of CAMPBELL's customers, at the direction of law enforcement, contacted CAMPBELL by telephone and ordered 120 Xanax pills. CAMPBELL mailed the pills, concealed in an altered DVD case, to that customer in Colorado. Investigators intercepted the package and seized the drugs.

On May 15, 2014, investigators executed a federal search warrant on CAMPBELL's residence in Chicago. In the basement of the multi-level house, investigators found evidence of CAMPBELL's drug trafficking, to include, computers, marijuana grow equipment, documents/notes referencing drug dealing, digital scales and razors, baggies, a heat sealer, and a small amount of drugs, namely, cannabis, steroids, and various unidentified pills. Nearby, investigators also found numerous empty DVD cases and U.S. Postal shipping material. Investigators also found numerous references to the username "PTandRnR."

The parties further agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

12. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.       A two-level increase, pursuant to USSG § 2D1.1(b)(7), based on mass-marketing by means of interactive computer service; and

b.       A reduction for acceptance of responsibility, conditioned upon Defendant's fulfillment of the requirements stated at USSG § 3E1.1.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree they are free to present any arguments regarding the applicability of all provisions of the United States Sentencing Guidelines other than those agreed herein, including but not limited to arguments regarding the appropriate base offense level. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

Defendant further understands that the Sentencing Guidelines range is advisory, and the parties may recommend a sentence below, within, or above that range at the time of sentencing. Similarly, the Court may impose any sentence authorized by law.

13. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG § 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

14. **Sentencing Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees that its ultimate recommendation regarding a term of imprisonment, which has not yet been determined, will be no greater than 120 months. In determining what is an appropriate term of imprisonment to recommend to the Court, the United State will consider the particular facts of this case in light of the factors set forth in 18 U.S.C. § 3553(a), to include mitigating circumstances presented at or before the time of sentencing. Defendant may recommend any sentence authorized by law. Unless otherwise set forth in this agreement, both parties remain free to present arguments regarding other aspects of sentencing, such as the computation of the guidelines range, the term and conditions of supervised release, fines, and restitution.

Plea Agreement / Campbell - 7
No. CR17-025JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Defendant understands that the parties' recommendations are not binding on the

2  Court and the Court may reject the recommendation of the parties and may impose any

3  term of imprisonment up to the statutory maximum penalty authorized by law.

4  Defendant further understands that he cannot withdraw his guilty plea simply because of

5  the sentence imposed by the district court.

6    15.    **United States Sentencing Guidelines**.  Defendant understands and

7  acknowledges that the Court must consider the sentencing range calculated under the

8  United States Sentencing Guidelines and possible departures under the Sentencing

9  Guidelines together with the other factors set forth in Title 18, United States Code,

10  Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

11  history and characteristics of the defendant; (3) the need for the sentence to reflect the

12  seriousness of the offense, to promote respect for the law, and to provide just punishment

13  for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

14  conduct; (5) the need for the sentence to protect the public from further crimes of the

15  defendant; (6) the need to provide the defendant with educational and vocational training,

16  medical care, or other correctional treatment in the most effective manner; (7) the kinds

17  of sentences available; (8) the need to provide restitution to victims; and (9) the need to

18  avoid unwarranted sentence disparity among defendants involved in similar conduct who

19  have similar records.  Accordingly, Defendant understands and acknowledges that:

20         a.    The Court will determine applicable Defendant's Sentencing

21  Guidelines range at the time of sentencing;

22         b.    After consideration of the Sentencing Guidelines and the factors in

23  18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the

24  maximum term authorized by law;

25         c.    The Court is not bound by any recommendation regarding the

26  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

27  range offered by the parties or the United States Probation Department, or by any

28  stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement / Campbell - 8
No. CR17-025JCC

1       d.      Defendant may not withdraw his guilty plea solely because of the

2 sentence imposed by the Court.

3      16.    **Forfeiture of Contraband**.  Defendant also agrees that if any law

4 enforcement agency seized any firearms or other illegal contraband that was in

5 Defendant's direct or indirect control, Defendant consents to the administrative forfeiture,

6 official use, and/or destruction of said firearms or contraband by any law enforcement

7 agency involved in the seizure of these items.

8      17.    **Forfeiture of Assets**.  Defendant agrees to forfeit to the United States

9 immediately all of Defendant's right, title and interest, if any, in any and all property, real

10 or personal, that was used, or intended to be used, in any manner or part, to commit or to

11 facilitate the commission of the conspiracy to distribute controlled substances, and any

12 property constituting, or derived from, any proceeds Defendant obtained, directly or

13 indirectly, as the result of this offense, that are subject to forfeiture pursuant to Title 21,

14 United States Code, Section 853, including but not limited to:

15       a.      one Gateway 4530 laptop computer, containing a Toshiba hard

16 drive, bearing serial number Z5GZ5857T, seized from 9401 S. Racine Ave, Chicago,

17 Illinois 60620, on or about May 15, 2015; and

18       b.      one Dell Latitude D610 laptop computer, containing a Hitachi hard

19 drive, bearing serial number BFGH9VUA, seized from 9401 S. Racine Ave, Chicago,

20 Illinois 60620, on or about May 15, 2015.

21      Defendant agrees that the above listed assets are the proceeds of, or were used and

22 intended to be used to facilitate, the unlawful distribution of controlled substances as set

23 forth in Count 1.

24      Defendant agrees to fully assist the United States in the forfeiture of the listed

25 assets and to take whatever steps are necessary to pass clear title to the United States,

26 including but not limited to: surrendering title and executing any documents necessary to

27 effectuate such forfeiture; assisting in bringing any assets located outside the United

28 States within the jurisdiction of the United States; and taking whatever steps are

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted,

2  hidden, or otherwise made unavailable for forfeiture.  Defendant agrees not to file a claim

3  to any of the listed property in any civil forfeiture proceeding, administrative or judicial,

4  which may be initiated.

5  The United States reserves its right to proceed against any remaining assets not

6  identified in this Plea Agreement, including any property in which Defendant has any

7  interest or control, if said assets, real or personal, tangible or intangible, constitute or are

8  traceable to proceeds or facilitated violation of Title 21, United States Code, Section 841

9  *et seq.*

10  18.  **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

11  the United States Attorney's Office for the Western District of Washington agrees not to

12  prosecute Defendant for any additional offenses known to it as of the time of this

13  Agreement that are based upon evidence in its possession at this time, and that arise out

14  of the conduct giving rise to this investigation.  As set forth above, this United States

15  Attorney's Office agrees not to charge an enhanced penalty alleging that "death or

16  serious bodily injury result[ed]" from the use of controlled substance distributed by

17  Defendant, pursuant to 21 U.S.C. § 841(b), as part of the instant case.  In this regard,

18  Defendant recognizes the United States has agreed not to prosecute all of the criminal

19  charges the evidence establishes were committed by Defendant solely because of the

20  promises made by Defendant in this Agreement.  Defendant agrees, however, that for

21  purposes of preparing the Presentence Report, the United States Attorney's Office will

22  provide the United States Probation Office with evidence of all conduct committed by

23  Defendant.

24  Defendant agrees that any charges to be dismissed before or at the time of

25  sentencing were substantially justified in light of the evidence available to the United

26  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

27  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

28  (1997).

Plea Agreement / Campbell - 10
No. CR17-025JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19.     **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence.  Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

20.     **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court.  Defendant further agrees that, provided the court imposes a custodial sentence that is no greater than 120 months, Defendant waives to the full extent of the law:

Plea Agreement / Campbell - 11
No. CR17-025JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    a.  Any right conferred by Title 18, United States Code, Section 3742,

2 to challenge, on direct appeal, the sentence imposed by the court, including any fine,

3 restitution order, probation or supervised release conditions, or forfeiture order (if

4 applicable); and

5    b.  Any right to bring a collateral attack against the conviction and

6 sentence, including any restitution order imposed, except as it may relate to the

7 effectiveness of legal representation.

8   This waiver does not preclude Defendant from bringing an appropriate motion

9 pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

10 decisions of the Bureau of Prisons regarding the execution of his sentence.

11   If Defendant breaches this Plea Agreement at any time by appealing or collaterally

12 attacking (except as to effectiveness of legal representation) the conviction or sentence in

13 any way, the United States may prosecute Defendant for any counts, including those with

14 mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

15 Agreement.

16   21.  **Voluntariness of Plea**.  Defendant agrees that he has entered into this Plea

17 Agreement freely and voluntarily and that no threats or promises, other than the promises

18 contained in this Plea Agreement, were made to induce Defendant to enter his plea of

19 guilty.

20   22.  **Statute of Limitations**.  In the event this Agreement is not accepted by the

21 Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

22 the statute of limitations shall be deemed to have been tolled from the date of the Plea

23 Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea

24 Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

25 the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

26   23.  **Completeness of Agreement**.  The United States and Defendant

27 acknowledge that these terms constitute the entire Plea Agreement between the parties.

28 This Agreement binds only the United States Attorney's Office for the Western District

Plea Agreement / Campbell - 12
No. CR17-025JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 3rd day of February, 2017.

KEVIN C. CAMPBELL
Defendant

JENNIFER WELLMAN
Attorney for Defendant

SARAH Y. VOGEL
Assistant United States Attorney

STEVEN T. MASADA
Assistant United States Attorney

Plea Agreement / Campbell - 13
No. CR17-025JCC