THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN C. CAMPBELL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. CR17-0025-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner's pro se motions to withdraw his guilty plea (Dkt. No. 51) and for a habeas corpus bond (Dkt. No. 52). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES both motions.

Petitioner marketed and distributed illegal drugs across the United States through the Silk Road website. (Dkt. No. 9 at 5–6.) Following the overdose death of one of his customers, he pled guilty to one count of Distribution of Controlled Substances. (Dkt. Nos. 4 at 1, 9 at 2, 12 at 1, 23 at 20.) As part of his plea agreement, Petitioner avoided enhanced penalties arising from his customer's death. (Dkt. No. 9 at 10.)

Two days prior to Petitioner's surrender date, he filed pro se motions to withdraw his guilty plea and to remain free on bond while the Court considers the motion to withdraw his plea. (Dkt. Nos. 51, 52); (*see* Dkt. Nos. 39 at 2–3) (judgment and sentence). But petitioner cannot withdraw a guilty plea subsequent to sentencing. *U.S. v. Ruiz*, 257 F.3d 1030, 1032 (9th Cir.

2001). Therefore, the Court will treat Petitioner's motion as a request for habeas corpus review. *Id.*; *see* 18 U.S.C. § 2255. As a basis for relief, Petitioner cites counsel's ineffectiveness. (Dkt. No. 51 at 1–6.) While Petitioner's plea agreement precluded collateral challenges of findings of guilt or of Petitioner's resulting sentence, this would not apply to an assertion that the plea agreement itself was the result of ineffective assistance of counsel. (*See* Dkt. No. 9 at 12.) Therefore, the Court will consider Petitioner's claim.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005) (quoting *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988)), overruled on other grounds by *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

Petitioner asserts that counsel failed to investigate whether his customer's death was caused by something other than the heroin Petitioner provided, and that had counsel done so, Petitioner may not have agreed to the plea. (Dkt. No. 51 at 3.) Specifically, Petitioner alleges that counsel did not pursue an argument that the medical samples supporting the cause of his customer's death lacked an adequate chain of custody. (*Id.*) But this assertion is belied by the record. Counsel did pursue a chain of custody argument. (*See* Dkt. No. 29 at 20–21) (Defense expert's report questioning the chain of custody for the medical specimens sent for testing); (*see also* Dkt. No. 27 at 9) (Defendant's sentencing memorandum making a chain of custody argument as supported by the expert's report). Petitioner makes no other factual assertions supporting an ineffective assistance of counsel claim. Therefore, he fails to allege plausible facts that would allow the Court to conclude that counsel's performance was ineffective.

1     Petitioner's habeas corpus petition (Dkt. No. 51) is DENIED as meritless and Petitioner's
2 motion for habeas corpus bond (Dkt. No. 52) is DENIED as moot.
3     DATED this 17th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE