THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                 Plaintiff,

    v.

KEVIN C. CAMPBELL,

                 Defendant.

CASE NO. CR17-0025-JCC

ORDER

15
16
17
18
19
20
21
22

This matter comes before the Court on Defendant Kevin Campbell's motion for a reduction in sentence and supplemental motion for a reduction in sentence (Dkt. Nos. 67, 78), Mr. Campbell's motions to seal medical records (Dkt. Nos. 80, 87), and the Government's motion for leave to file an overlength brief (Dkt. No. 83). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motions for reduction in sentence (Dkt. Nos. 67, 78), GRANTS the motions to seal (Dkt. Nos. 80, 87), and GRANTS the Government's motion for leave to file an overlength brief (Dkt. No. 83).

23

## I.    BACKGROUND

24
25
26

In February 2017, Mr. Campbell pled guilty to distribution of controlled substances. (*See* Dkt. Nos. 7, 9, 10, 12.). In short, Mr. Campbell sold Xanax, valium, and other controlled substances on the dark web while he was employed at a substance abuse and treatment center.

1    (*See* Dkt. No. 9 at 5–6.) Mr. Campbell's actions had tragic consequences: Jordan M., a 27-year-

2    old Microsoft employee, overdosed and died after using heroin he purchased from Mr. Campbell.

3    (*See id.*; *see also* Dkt. Nos. 37 at 2, 84 at 6–9.) The Court sentenced Mr. Campbell to 72 months

4    in prison, in part, because Mr. Campbell had already served approximately four years in prison

5    on state drug charges before committing the instant offense, so a longer sentence was necessary

6    to promote respect for the law and adequately deter future criminal conduct. (*See* Dkt. No. 44 at

7    26.) Mr. Campbell has served just over three years of that sentence and is scheduled to be

8    released on January 13, 2022. (*See* Dkt. Nos. 61 at 4, 78 at 2.)

9           Mr. Campbell moves to be released immediately for two reasons: First, he is obese and

10   has been diagnosed with hypertension and sleep apnea, which he alleges make him more

11   susceptible to developing a severe case of COVID-19. (*See* Dkt. No. 78 at 3–4.) He has also been

12   diagnosed with Post-Traumatic Stress Disorder, which may weaken his immune system. (*See id.*

13   at 5.) Second, his 80-year-old father lives alone and needs to get a pacemaker implanted and Mr.

14   Campbell would like to help him around the house. (*See id.* at 2, 6–7.)

15   **II.    DISCUSSION**

16          **A.     Motion for Reduction in Sentence**

17          The Court may reduce a term of imprisonment if "extraordinary and compelling reasons

18   warrant such a reduction," "such a reduction is consistent with applicable policy statements

19   issued by the Sentencing Commission," and the Court considers the 18 U.S.C. § 3553(a) factors.

20   18 U.S.C. § 3582(c)(1)(A)(i).[1] The defendant bears the burden of making this showing. *United*

21   *States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). Although the Ninth Circuit has not

22   directly addressed the issue, four Courts of Appeals have held that the Sentencing Commission's

---

[1] As a threshold matter, a defendant must also satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion
requirement by first presenting a request for a reduced sentence to the warden of his or her
facility and waiting 30 days (or exhausting administrative remedies before the 30-day waiting
period expires) before seeking relief from the court. *See United States v. Taylor*, 2020 WL
7383648 (6th Cir. 2020). Mr. Campbell has satisfied this requirement. (*See* Dkt. Nos. 79 at 1–2,
79-1 at 2–12.)

relevant policy statement, United States Sentencing Guidelines ("USSG") § 1B1.13, is not "applicable" to a motion for a reduction in sentence filed by a defendant directly (rather than by the Bureau of Prisons) and therefore does not constrain the Court's discretion. *See United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). But even if the policy statement is not binding, the Court may consider it in the exercise of its discretion. *See Gunn*, 980 F.3d at 1180. The policy statement recommends that courts not reduce sentences of individuals who would present a danger to the community upon release, USSG § 1B1.13(2), and the Court finds that to be an appropriate consideration. *See United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020) (affirming denial of a motion for reduction in sentence because the defendant was a danger to the community).

The Court DENIES Mr. Campbell's motion for a reduction in sentence because he has not presented extraordinary and compelling reasons for a reduction and a reduction is not warranted by the Section 3553(a) factors.

Although health conditions that increase an individual's risk of a severe case of COVID-19 may constitute extraordinary and compelling reasons counseling in favor of a reduction in sentence in some circumstances, Mr. Campbell's do not here. First, although Mr. Campbell's health conditions may increase his risk of a severe case of COVID-19, they appear to be relatively mild: his BMI of 31.7 places him only slightly above the CDC's threshold for obesity,[2] (Dkt. No. 78 at 3), and although he has hypertension, the CDC has not determined that hypertension increases one's risk of developing a severe case of COVID-19. (*See* Dkt. Nos. 84 at 19–20, 85 at 4); *see also* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

---

[2] The Court assumes for purposes of this order that Mr. Campbell is, in fact, obese, but the weight Mr. Campbell cites in his motion is fourteen months old, (*see* Dkt. Nos. 78 at 3, 81 at 48), and Mr. Campbell has drifted in and out of the "obese" category as his weight has fluctuated over the past several years. (*See* Dkt. No. 84 at 13–14.)

precautions/people-with-medical-conditions.html (last visited January 13, 2021). Instead, hypertension is in a category of conditions that *may* cause an increased risk. *See id.* Second, Mr. Campbell was already infected with COVID-19 and although reinfection is possible, it is rare. (Dkt. Nos. 78 at 3, 84 at 21–22, 85 at 5.) Third, at the time of this order, there are relatively few COVID-19 cases at FCI Sandstone. *See* https://www.bop.gov/coronavirus/index.jsp (reporting 2 inmates and 8 staff currently infected) (last visited January 13, 2021). Based on these factors, the Court concludes that Mr. Campbell's somewhat heightened risk of developing a severe case of COVID-19 does not constitute an extraordinary and compelling circumstance justifying immediate release.

While the Court is sympathetic to Mr. Campbell's father's circumstances, Mr. Campbell's desire to help his father does not constitute an extraordinary and compelling reason justifying immediate release. The only evidence about what kind of assistance Mr. Campbell's father is likely to need is his letter to the Court, which cites a need for "help . . . around the house." (Dkt. No. 79-1 at 16.) Notably, Mr. Campbell does not propose to live with his father, but rather seeks to live 30 minutes away and "visit/assist his father as permitted." (Dkt. No. 78 at 7, 12.) Mr. Campbell does not provide any evidence about what assistance his father is likely to require after his surgery, nor does he explain why Mr. Campbell's wife or another family member cannot help until Mr. Campbell is released next January. It is unfortunate that Mr. Campbell's incarceration has impacted his family, but the Court cannot conclude on this record that a desire to help an aging or sick parent around the house constitutes an extraordinary and compelling circumstance justifying immediate release. Unfortunately, these circumstances are quite common.

Even if Mr. Campbell's family circumstances or his heightened risk of developing a severe case of COVID-19 were extraordinary and compelling reasons counseling in favor of a reduction in sentence, the Court would still deny Mr. Campbell's motion because immediate release is not consistent with the Section 3553(a) factors. As Mr. Campbell admits, his crime was

very serious, resulting in a young man's death. The Court imposed a 72-month sentence, in part, because four years in state prison was not sufficient to promote respect for the law and adequately deter Mr. Campbell's criminal conduct. Mr. Campbell has served only three years of his sentence and releasing him now would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.

### B.      Motions to Seal and Motion to File Overlength Brief

Mr. Campbell moves to seal his and his father's medical records. (Dkt. Nos. 80, 87). "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The Court need not decide whether Mr. Campbell's motion for a reduction in sentence is a dispositive motion because the Court FINDS that Mr. Campbell has a compelling interest in maintaining his and his father's medical records under seal and that interest outweighs the public's interest in their disclosure. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013).

Additionally, the Government moves for leave to file a 30-page response brief (Dkt. No. 83). The Court FINDS that a 30-page response brief is reasonable in these circumstances and GRANTS the Government's motion.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Campbell's motions for reduction in sentence (Dkt. No. 67, 78), GRANTS Mr. Campbell's motions to seal (Dkt. Nos. 80, 87), and GRANTS the Government's motion for leave to file an overlength brief (Dkt. No. 83).

//

//

//

1    DATED this 13th day of January 2021.

2

3

4

5    John C. Coughenour
     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
CR17-0025-JCC
PAGE - 6